UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**08 CR 10385 RGS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Cr. No. 08- |
| | ) Violations: |
| | )    18 U.S.C. § 1546(a) |
| | )       Fraud and Misuse of Visas, |
| | )       Permits and Other Documents |
| V. | )    18 U.S.C. §1001(a)(2) |
| | )    False Statements |
| | )    18 U.S.C. 1621(1) |
| | )    Perjury |
| PRUDENCE KANTENGWA, | )    18 U.S.C. § 1505 |
| a/k/a, PRUDENTIENNE KANTENGWA) | Obstruction |

## INDICTMENT

The Grand Jury charges that:

At all times relevant to this Indictment,

1.    Rwanda is one of the smallest countries in Central

Africa, with approximately 7 million people, and is peopled by

two main ethnic groups, the Hutu and the Tutsi. The Hutus

account for 90 percent of the population. Following Rwanda's

independence from Belgium in 1962, the Hutu majority gained

control of the government, and engaged in acts, including

discrimination and acts of violence against Tutsis. As a result,

numerous Tutsis fled Rwanda and some formed a rebel guerilla

army, known as the Rwandan Patriotic Front ("RPF").

2.    In or about the early 1990s, the RPF invaded Rwanda;

thereafter, Hutu President Juvenal Habyarimana executed

agreements that mandated that the Hutus and Tutsis would share

power. These agreements, which were negotiated between July 1992

and June 1993, were signed in Arusha, Tanzania, and came to be

known as the Arusha Accords. Pursuant to the Accords,

Habyarimana's party, the Mouvement Revolutionaire pour le Developpement ("MRND"), shared power with several other parties, as well as those that represented the RPF.

3. On or about April 6, 1994, the Rwandan president's plane, which was carrying President Habyarimana and Burundi's new President, was shot down by ground-fired missiles as it approached Rwanda's airport at Kigali. This assassination precipitated a period of political violence in Rwanda. In particular, Hutu extremists, with positions of power in an interim government formed after Habyarimana's assassination, began targeting and killing prominent opposition figures, including moderate Hutu politicians and Tutsi leaders. Included among those killed were government ministers opposed to the extremists.

4. The killings spread throughout the countryside as Hutus, armed with machetes, clubs, guns and grenades, began killing Tutsi civilians, at times targeting Tutsis based upon identification cards, known as "tribal cards," which identified the bearer's ethnicity. Hutus, manning roadblocks at locations in Rwanda, demanded production from passers-by of tribal cards, and at times killed individuals identified as Tutsis. Women, who were Tutsis and identified as such at roadblocks, were at times Hutu not killed, but were taken into custody, imprisoned by ~~Tutsis~~ and raped.

2

5. The Defendant PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE is from Byumba, which is a prefecture (or state) in northern Rwanda. Many of the Hutu elite, including the assassinated president, were from the northern prefectures.

6. KANTENGWA was married to Athanase Munyemana, who was a minister in the Hutu government. He and KANTENGWA were both members of the MRND Party. Munyemana, while not a cabinet minister, was Director of Internal Security, known as the Service de Renseignment. KANTENGWA, who was a lawyer, worked at the government insurance company Sonarwa. She worked for Mathieu Ngirumpatse, the director of Sonarwa, who was the President of the MRND.

7. Radio Télévision Libre des Mille Collines (RTLM) was a Rwandan radio station. The station's name is French for "Thousand Hills Independent Radio and Television," deriving from the description of Rwanda as "Land of a Thousand Hills". Beginning in the fall of 1993, the station began broadcasting hate propaganda against Tutsis, moderate Hutus, Belgians, and the United Nations mission UNAMIR, thus helping foster an atmosphere of charged racial hostility. KANTENGWA was a shareholder of the radio station.

8. In late April 1994, as the Tutsi rebel forces advanced on the capital Kigali, KANTENGWA and her husband received a military escort to Butare, where her sister was living.

3

KANTENGWA stayed at her sister's family's hotel. Many Tutsis were murdered at a Hutu-manned roadblock located just in front of the hotel.

9. Following the end of the genocidal killings of Tutsis by Hutus, the Department of State required, as part of the issuance of a non-immigrant visa to any resident of Rwanda born before 1981, who was applying for a visa outside of Kigali, Rwanda, completion of a questionnaire ("the Rwandan Questionnaire"). The purpose of this questionnaire was to allow the Department of State, in assessing whether to permit entry into the United States, to determine whether the individual may have in any way participated or aided in the genocide in Rwanda and, if so, deny entry into the United States by such an individual. Among other information deemed material by the Department of State in this inquiry was participation or membership in certain Rwandan organizations and branches of government, including MRND and Service de Renseignment.

10. In or after July 1994, the Defendant PRUDENCE KANTENGWA left Rwanda. In or about 1995, KANTENGWA went to Kenya. While in Kenya, and on repeated occasions, the Defendant KANTENGWA sought a visa permitting her to enter the United States. In or about September 2001, as part of her effort to gain entry into the United States, KANTENGWA completed the Rwandan Questionnaire, denying that she and her spouse had been members of the MRND and

4

that her husband was a member of the Service de Renseignment.
The Defendant PRUDENCE KANTENGWA was thereafter granted a visa to
enter the United States.

COUNT ONE
18 U.S.C. § 1546(a)
Fraud and Misuse of Visas,
Permits and Other Documents

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about January 29, 2004, in the District of Massachusetts and elsewhere, the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

did knowingly utter, use and possess a document prescribed by statute and regulation for entry into and as evidence of authorized stay in the United States, that is, a Non-Immigrant Visa, by which the defendant entered the United States at Boston, Massachusetts, knowing it to have been falsely made and procured by means of false claims and statements, and to have been otherwise obtained by fraud and unlawfully obtained; said visa was thus procured and obtained in that the defendant, PRUDENCE KANTENGWA, a/k/a, PRUDENTIENNE KANTENGWA, did provide false information as to material facts in the Application to obtain said Non-Immigrant Visa Application and Rwandan Questionnaire (that was submitted as part of said Application), as follows:

In response to a question that asked "Were you or any immediate family members (spouse, parents, siblings, children) ever a member of the Armed Forces of Rwanda (FAR), the army or militia force, the Gendarmerie, Police Communal, Service de Renseignment, Presidential Guard, Interahamwe, PALIR, or ALIR. If so, please explain," the defendant responded by writing "No."

As the defendant then and there well knew, the statements set forth

6

above were false, in that in that the Defendant's husband was a

member of the Service de Renseignment, in fact, he served as the

Director.

> In response to a questions that asked "Were you or any of
> your immediate family members (spouse, parents, siblings,
> children) ever members of a political party, particularly
> CDR (coalition pour la Defense de la Republique) or MRND
> (Mouvement Revolutionaire pour le Developpement),
> organization (civil society), or association in Rwanda?
> If so, explain," the defendant responded by writing "No."

As the defendant then and there well knew, the statements set forth

above were false, in that both the Defendant and her husband had

been members of the MRND.


        All in violation of Title 18, United States Code, Section
1546(a).

COUNT TWO
Fraud and Misuse of Visas,
Permits and Other Documents
18 U.S.C. § 1546(a)

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about March 8, 2004, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

did knowingly make under oath, and did knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application and document required by the immigration laws and regulations prescribed thereunder, that is, a Form I-589, Application for Asylum and Withholding Removal, by which the defendant applied to remain in the United States and avoid removal, and did knowingly present such application and document which contained a false statement, to wit:

In response to a question that asked: "Have you or any member of your family included in the application ever committed any crime and/or been arrested, charged, convicted and sentenced for any crimes in the United States?" the Defendant responded by putting an "X" in the box indicating "No."

As the defendant then and there well knew, the statement set forth above was false, in that, as set forth in Count One, which is incorporated by reference as if fully set forth herein, the Defendant had previously committed a crime in the United States, that is, a violation of Title 18, United States Code, Section 1546(a), by uttering, using and possessing a document prescribed by

8

statute and regulation for entry into and as evidence of authorized stay in the United States, that is, a Non-Immigrant Visa, knowing it to have been falsely made and procured by means of false claims and statements, and to have been otherwise obtained by fraud and unlawfully obtained.

All in violation of Title 18, United States Code, Section 1546(a).

9

COUNT THREE
18 U.S.C. § 1621(1)
Perjury

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about August 24, 2006, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a, PRUDENTIENNE KANTENGWA,

having duly taken an oath before a competent tribunal, officer and person, in a case in which a law of the United States authorizes an oath to be administered, that she would testify, declare, depose and certify truly, did willfully and contrary to such oath state a material matter that she then and there did not believe to be true, that is to say:

At the time and place stated above, before an Immigration Judge, in an Immigration Court of the United States, an oath was administered to the defendant KANTENGWA, who was appearing as a witness, that she would testify truthfully, during removal proceedings to consider whether she should be removed from the United States or granted asylum, pursuant to the laws and regulations of the United States.

At the time and place alleged, the defendant KANTENGWA, appearing as a witness under oath at a proceeding before the Immigration Judge, knowingly made the following declarations in response to questions with respect to the material matters as

10

follows:

Question by Judge:       ... is all of the information in
                         your asylum application truthful and
                         correct?

Answer by KANTENGWA:     Yes, it's truthful.

                  *   *   *   *   *

Question by Judge:       ... as amended, is all the
                         information true in your [asylum]
                         application?

Answer by KANTENGWA:     Yes.

The declarations of defendant, PRUDENCE KANTENGWA, which are
underscored above, as PRUDENCE KANTENGWA then and there well knew
and believed, were false in that, as set forth in Count Two, which
is incorporated by reference as if fully set forth herein, the
Defendant PRUDENCE KANTENGWA had provided in her asylum application
information that was untrue.

Question by Counsel
for the United States:   You have been truthful in all your
                         [immigration] documents.  Correct?

Answer by KANTENGWA:     Correct.

The declaration of defendant, PRUDENCE KANTENGWA, which is
underscored above, as PRUDENCE KANTENGWA then and there well knew
and believed, was false in that, as set forth in Count Two, which
is incorporated by reference as if fully set forth herein, the
defendant PRUDENCE KANTENGWA had provided in her asylum application
information that was untrue.  Further, the defendant KANTENGWA
completed and submitted a Rwandan Questionnaire in connection with

11

an application for a non-immigrant visa, which application was granted in February 2002; said questionnaire contained false information, as described in Count One.

All in violation of Title 18, United States Code, Section 1621(1).

COUNT FOUR
18 U.S.C. § 1621(1)
Perjury

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about August 24, 2006, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

having duly taken an oath before a competent tribunal, officer and person, in a case in which a law of the United States authorizes an oath to be administered, that she would testify, declare, depose and certify truly, did willfully and contrary to such oath state a material matter that she then and there did not believe to be true, that is to say:

At the time and place stated above, before an Immigration Judge, in an Immigration Court of the United States, an oath was administered to the defendant KANTENGWA, who was appearing as a witness, that she would testify truthfully, during removal proceedings to consider whether she should be removed from the United States or granted asylum, pursuant to the laws and regulations of the United States.

At the time and place alleged, the defendant KANTENGWA, appearing as a witness under oath at a proceeding before the Immigration Judge, knowingly made the following declarations in response to questions with respect to the material matters as

13

follows:

Question by Counsel
for KANTENGWA:          Okay and the party is MRND?  Is that
                        what it is?

Answer by KANTENGWA:    Yes.
Question by Counsel
for KANTENGWA:          Were you a member of that party?

Answer by KANTENGWA:    No.

The declaration of defendant, PRUDENCE KANTENGWA, which is

underscored above, as PRUDENCE KANTENGWA then and there well knew

and believed, was false in that PRUDENCE KANTENGWA was a member of

the MRND Party up to and including the time of the genocide in

Rwanda, which began in April 1994.

All in violation of Title 18, United States Code, Section
1621(1).

14

COUNT FIVE
18 U.S.C. § 1621(1)
Perjury

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about May 16, 2008, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

having duly taken an oath before a competent tribunal, officer and person, in a case in which a law of the United States authorizes an oath to be administered, that she would testify, declare, depose and certify truly, did willfully and contrary to such oath state a material matter that she then and there did not believe to be true, that is to say:

At the time and place stated above, before an Immigration Judge, in an Immigration Court of the United States, an oath was administered to the defendant KANTENGWA, who was appearing as a witness, that she would testify truthfully, during removal proceedings to consider whether she should be removed from the United States or granted asylum, pursuant to the laws and regulations of the United States.

At the time and place alleged, the defendant KANTENGWA, appearing as a witness under oath at a proceeding before the Immigration Judge, knowingly made the following declarations in response to questions with respect to the material matters as

15

follows:

| | |
|---|---|
| Question by Counsel<br>for KANTENGWA: | When did you stop being a member of the MRND? |
| Answer by KANTENGWA: | In -- I believe 1991 when multi parties came in, the multi parties, and then the Rwandese were to choose which party to belong to, and take membership.    They were given membership cards. |
| Question by Counsel<br>for KANTENGWA: | Okay. |
| Answer by KANTENGWA: | Yeah, so before that, I was a member of MRND.    Every Rwandese was a member of MRND the unique political party. |
| Question by Counsel<br>for KANTENGWA: | Do you -- after the multi partyism started, did you join a political party? |
| Answer by KANTENGWA: | No, I didn't. |
| Question by Counsel<br>for KANTENGWA: | Why not? |
| Answer by KANTENGWA: | Because I wasn't interested in the political matters, and I didn't believe in any political leader -- I mean party. |

The declarations of defendant, PRUDENCE KANTENGWA, which are underscored above, as PRUDENCE KANTENGWA then and there well knew and believed, were false in that PRUDENCE KANTENGWA was a member of the MRND Party up to and including the time of the genocide in Rwanda, which began in April 1994, and was an active supporter, proponent and advocate of the MRND.

All in violation of Title 18, United States Code, Section 1621(1).

16

COUNT SIX
18 U.S.C. § 1621(1)
Perjury

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about February 2, 2007, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

having duly taken an oath before a competent tribunal, officer and person, in a case in which a law of the United States authorizes an oath to be administered, that she would testify, declare, depose and certify truly, did willfully and contrary to such oath state a material matter that she then and there did not believe to be true, that is to say:

At the time and place stated above, before an Immigration Judge, in an Immigration Court of the United States, an oath was administered to the defendant KANTENGWA, who was appearing as a witness, that she would testify truthfully, during removal proceedings to consider whether she should be removed from the United States or granted asylum, pursuant to the laws and regulations of the United States.

At the time and place alleged, the defendant KANTENGWA, appearing as a witness under oath at a proceeding before the Immigration Judge, knowingly made the following declarations in response to questions with respect to the material matters as

17

follows:

Question by Counsel for
the United States:       ... you were a member of the MRND.
                         Right?

Answer by KANTENGWA:      Counsel, I have been saying that I
                         don't know how to answer that
                         question.

Question by Counsel for
the United States:       Well, just yes or no, ma'am?

Answer by KANTENGWA:      N̲o̲, before 1991, before the multi
                         parties, everybody was a member of
                         MRND because (unintelligible). That
                         was the ruling party and everyone
                         was a member.

Question by Counsel for
the United States:       So are you --

Answer by KANTENGWA:      After the -- after the multi parties
                         people who wanted to join other
                         parties then they had to apply for
                         the membership.

Question by Counsel for
the United States:       -- and you stayed as a member of the
                         MRND. Right, ma'am?

Answer by KANTENGWA:      Come again, please?

Question by Counsel for
the United States:       You continued. Even after the multi
                         party you continued to remain with
                         the MRND. Right, ma'am?

Answer by KANTENGWA:      I̲ ̲w̲o̲u̲l̲d̲ ̲s̲a̲y̲ ̲n̲o̲, because I didn't
                         apply for membership.

The declarations of defendant, PRUDENCE KANTENGWA, which are

underscored above, as PRUDENCE KANTENGWA then and there well knew

and believed, were false in that PRUDENCE KANTENGWA was a member of

the MRND Party up to and including the time of the genocide in

18

Rwanda, which began in April 1994, and was an active supporter, proponent and advocate of the MRND.

All in violation of Title 18, United States Code, Section 1621(1).

19

COUNT SEVEN
18 U.S.C. § 1621(1)
Perjury

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about June 20, 2007, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

having duly taken an oath before a competent tribunal, officer and person, in a case in which a law of the United States authorizes an oath to be administered, that she would testify, declare, depose and certify truly, did willfully and contrary to such oath state a material matter that she then and there did not believe to be true, that is to say:

At the time and place stated above, before an Immigration Judge, in an Immigration Court of the United States, an oath was administered to the defendant KANTENGWA, who was appearing as a witness, that she would testify truthfully, during removal proceedings to consider whether she should be removed from the United States or granted asylum, pursuant to the laws and regulations of the United States.

At the time and place alleged, the defendant KANTENGWA, appearing as a witness under oath at a proceeding before the Immigration Judge, knowingly made the following declarations in response to questions with respect to the material matters as

20

follows:

Question by Counsel for
the United States:        ... in 1992, the MRND split into two
                          groups.  Some were thereafter called
                          moderates and others were called
                          extremists ... 1992 or '93 ...

                          * * * * *

Question by Counsel for
the United States:        ... you belonged -

Answer by KANTENGWA:      For me, <u>I wasn't in a political
                          party.</u>

The declaration of defendant, PRUDENCE KANTENGWA, which is

underscored above, as PRUDENCE KANTENGWA then and there well knew

and believed, was false in that PRUDENCE KANTENGWA was a member of

the MRND Party up to and including the time of the genocide in

Rwanda, which began in April 1994, and was an active supporter,

proponent and advocate of the MRND.

        All in violation of Title 18, United States Code, Section
1621(1).

21

COUNT EIGHT
18 U.S.C. § 1621(1)
Perjury

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about June 20, 2007, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

having duly taken an oath before a competent tribunal, officer and person, in a case in which a law of the United States authorizes an oath to be administered, that she would testify, declare, depose and certify truly, did willfully and contrary to such oath state a material matter that she then and there did not believe to be true, that is to say:

At the time and place stated above, before an Immigration Judge, in an Immigration Court of the United States, an oath was administered to the defendant KANTENGWA, who was appearing as a witness, that she would testify truthfully, during removal proceedings to consider whether she should be removed from the United States or granted asylum, pursuant to the laws and regulations of the United States.

At the time and place alleged, the defendant KANTENGWA, appearing as a witness under oath at a proceeding before the Immigration Judge, knowingly made the following declarations in response to questions with respect to the material matters as

22

follows:

| | |
|---|---|
| Question by Counsel for the United States: | ... your husband wasn't sought after by the presidential guard [shortly after the 7th or 8th of April, 1994], was he? |
| Answer by KANTENGWA: | No, counsel. |
| Question by Counsel for the United States: | Because he wasn't opposition.  Right ma'am? |
| Answer by KANTENGWA: | He was not in any political party, counsel. |

The declaration of defendant, PRUDENCE KANTENGWA, which is underscored above, as PRUDENCE KANTENGWA then and there well knew and believed, was false in that PRUDENCE KANTENGWA's husband Athanase Munyemana was a member of the MRND political party up to and including the time of the genocide in Rwanda, which began in April 1994.

All in violation of Title 18, United States Code, Section 1621(1).

COUNT NINE
18 U.S.C. § 1621(1)
Perjury

Paragraphs 1 through 10 set forth above, are hereby realleged
and incorporated as if fully set forth herein.

On or about May 16, 2008, in the District of Massachusetts,
the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

having duly taken an oath before a competent tribunal, officer and
person, in a case in which a law of the United States authorizes an
oath to be administered, that she would testify, declare, depose
and certify truly, did willfully and contrary to such oath state a
material matter that she then and there did not believe to be true,
that is to say:

At the time and place stated above, before an Immigration
Judge, in an Immigration Court of the United States, an oath was
administered to the defendant KANTENGWA, who was appearing as a
witness, that she would testify truthfully, during removal
proceedings to consider whether she should be removed from the
United States or granted asylum, pursuant to the laws and
regulations of the United States.

At the time and place alleged, the defendant KANTENGWA,
appearing as a witness under oath at a proceeding before the
Immigration Judge, knowingly made the following declarations in
response to questions with respect to the material matters as

24

follows:

Question by Counsel
for KANTENGWA:                After multi partyism, do you know if
                              your husband joined a political
                              party?

Answer by KANTENGWA:          No, my husband didn't join any
                              political party.

Question by Counsel
for KANTENGWA:                Why is that?

Answer by KANTENGWA:          Well, he was working at -- the
                              prison in 2001 -- I mean in 1991,
                              but we -- because of the nature of
                              his profession, he was a magistrate,
                              he -- the magistrate were not
                              supposed to join any political
                              party. That's all said, reason
                              number one. Reason number two, I
                              don't think he was interested in any
                              political parties ideas.

                      *    *    *    *    *

Question by Counsel
for KANTENGWA:                Do you know your husband's political
                              ideologies were after multi
                              partyism?

Answer by KANTENGWA:          I wouldn't really know what it was.
                              (Unintelligible) my husband was --
                              he dealt with the old people, not
                              the opposition members,
                              (unintelligible) members in his
                              work. So then he was -- I would say
                              that he was a man who was interested
                              in the justice, who was a very
                              social person, who was a friend of
                              everyone, Tutsis and Hutus alike,
                              and opposition members, and yeah,
                              (unintelligible) people.

     The declarations of defendant, PRUDENCE KANTENGWA, which are

underscored above, as PRUDENCE KANTENGWA then and there well knew

and believed, were false in that PRUDENCE KANTENGWA knew that both

                                  25

she and her husband were members of the MRND up to and including the time of the genocide in Rwanda, which began in April 1994, and supportive of the extreme racist and genocidal ideologies of the MRND.

All in violation of Title 18, United States Code, Section 1621(1).

COUNT TEN
18 U.S.C. § 1621(1)
Perjury

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about May 16, 2008, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

having duly taken an oath before a competent tribunal, officer and person, in a case in which a law of the United States authorizes an oath to be administered, that she would testify, declare, depose and certify truly, did willfully and contrary to such oath state a material matter that she then and there did not believe to be true, that is to say:

At the time and place stated above, before an Immigration Judge, in an Immigration Court of the United States, an oath was administered to the defendant KANTENGWA, who was appearing as a witness, that she would testify truthfully, during removal proceedings to consider whether she should be removed from the United States or granted asylum, pursuant to the laws and regulations of the United States.

At the time and place alleged, the defendant KANTENGWA, appearing as a witness under oath at a proceeding before the Immigration Judge, knowingly made the following declarations in response to questions with respect to the material matters as

27

follows:

Question by Counsel for
the United States:        Now in -- and you told us on
                          redirect that your husband had no
                          political ideology, correct?

Answer by KANTENGWA:      That's what I think.

Question by Counsel for
the United States:        Well, ma'am, you were married to
                          him.  Was he -- did he -- was he a
                          member of a political group in 1994?

Answer by KANTENGWA:      No, counsel.

The declaration of defendant, PRUDENCE KANTENGWA, which is underscored above, as PRUDENCE KANTENGWA then and there well knew and believed, was false in that PRUDENCE KANTENGWA's husband Athanase Munyemana was a member of the MRND political party up to and including the time of the genocide in Rwanda, which began in April 1994.

All in violation of Title 18, United States Code, Section 1621(1).

COUNT ELEVEN
18 U.S.C. § 1621(1)
Perjury

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about June 20, 2007, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

having duly taken an oath before a competent tribunal, officer and person, in a case in which a law of the United States authorizes an oath to be administered, that she would testify, declare, depose and certify truly, did willfully and contrary to such oath state a material matter that she then and there did not believe to be true, that is to say:

At the time and place stated above, before an Immigration Judge, in an Immigration Court of the United States, an oath was administered to the defendant KANTENGWA, who was appearing as a witness, that she would testify truthfully, during removal proceedings to consider whether she should be removed from the United States or granted asylum, pursuant to the laws and regulations of the United States.

At the time and place alleged, the defendant KANTENGWA, appearing as a witness under oath at a proceeding before the Immigration Judge, knowingly made the following declarations in response to questions with respect to the material matters as

29

follows:

    Question by Counsel for
    the United States:          Pauline [Nyiramasuhuko]'s house was
                                a hotel

                      *    *    *    *    *

    Question by Counsel for
    the United States:          and that hotel was on the main road
                                in Butare [Rwanda].  Correct?

    Answer by KANTENGWA:        Correct.

                      *    *    *    *    *

    Question by Counsel for
    the United States:          And there was a front door to the
                                hotel.  Correct?

    Answer by KANTENGWA:        Correct.

    Question by Counsel for
    the United States:          And there was a roadblock outside
                                that front door [while KANTENGWA was
                                there, sometime between mid-April
                                and the end of May 1994], wasn't
                                there, ma'am?

    Answer by KANTENGWA:        No, counsel.

    Question by Counsel for
    the United States:          No roadblock, ma'am, outside that
                                front door?

    Answer by KANTENGWA:        No roadblock outside the front door.

    The declarations of defendant, PRUDENCE KANTENGWA, which are

underscored above, as PRUDENCE KANTENGWA then and there well knew

and believed, were false in that, during the time KANTENGWA was at

the hotel of Pauline Nyiramasuhuko in Butare, Rwanda, between

approximately mid-April until the end of May 1994, there was a

roadblock that was manned by Interahamwe and other Hutus, where

                                30

identity cards of those who tried to pass were checked, many of those identified as Tutsis were killed, and some of the Tutsi women were kidnapped and then raped at other locations.

All in violation of Title 18, United States Code, Section 1621(1).

COUNT TWELVE
18 U.S.C. § 1621(1)
Perjury

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about May 16, 2008, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

having duly taken an oath before a competent tribunal, officer and person, in a case in which a law of the United States authorizes an oath to be administered, that she would testify, declare, depose and certify truly, did willfully and contrary to such oath state a material matter that she then and there did not believe to be true, that is to say:

At the time and place stated above, before an Immigration Judge, in an Immigration Court of the United States, an oath was administered to the defendant KANTENGWA, who was appearing as a witness, that she would testify truthfully, during removal proceedings to consider whether she should be removed from the United States or granted asylum, pursuant to the laws and regulations of the United States.

At the time and place alleged, the defendant KANTENGWA, appearing as a witness under oath at a proceeding before the Immigration Judge, knowingly made the following declarations in response to questions with respect to the material matters as

32

follows:

Question by Counsel
for KANTENGWA:                When you were in Butare, you stayed
                              at the hotel, as you testified.
                              While you were there, did you
                              witness a roadblock in front of the
                              hotel?

Answer by KANTENGWA:          No, counsel, there was no roadblock
                              in the hotel.

Question by Counsel
for KANTENGWA:                And how long were you there at the
                              hotel?

Answer by KANTENGWA:          I was there until the end of May.

Question by the Judge:        And when did you get there?

Answer by KANTENGWA:          Towards April 1994.

Question by the Judge:        So you were there about six weeks?

Answer by KANTENGWA:          Yes, Your Honor.

The declaration of defendant, PRUDENCE KANTENGWA, which is underscored above, as PRUDENCE KANTENGWA then and there well knew and believed, was false in that, during the time KANTENGWA was at the hotel of Pauline Nyiramasuhuko in Butare, Rwanda, between approximately mid-April until the end of May 1994, there was a roadblock that was manned by Interahamwe and other Hutus, where identity cards of those who tried to pass were checked, many of those identified as Tutsis were killed, and some of the Tutsi women were kidnapped and then raped at other locations.

All in violation of Title 18, United States Code, Section 1621(1).

COUNT THIRTEEN
18 U.S.C. § 1621(1)
Perjury

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about May 16, 2008, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a PRUDENTIENNE KANTENGWA,

having duly taken an oath before a competent tribunal, officer and person, in a case in which a law of the United States authorizes an oath to be administered, that she would testify, declare, depose and certify truly, did willfully and contrary to such oath state a material matter that she then and there did not believe to be true, that is to say:

At the time and place stated above, before an Immigration Judge, in an Immigration Court of the United States, an oath was administered to the defendant KANTENGWA, who was appearing as a witness, that she would testify truthfully, during removal proceedings to consider whether she should be removed from the United States of granted asylum, pursuant to the laws and regulations of the United States.

At the time and place alleged, the defendant KANTENGWA, appearing as a witness under oath at a proceeding before the Immigration Judge, knowingly made the following declarations in response to questions with respect to the material matters as

34

follows:

Answer by KANTENGWA:           <u>... I know that there was no</u>
                               <u>roadblock</u> [in front of the
                               Nyiramasuhuko house/hotel]

Question by the Judge:         How do you know there was no
                               roadblock?

Answer by KANTENGWA:           Your Honor, I was living in the
                               hotel, and my room actually was on
                               top -- not only my room, but my room
                               was -- there was like only one
                               level, one level, one second level
                               what you call in here, so it was one
                               level that was finished. One level,
                               and then the second level, and so my
                               room was on the second level.
                               That's where I saw plain, and I
                               could -- I had a view of the main
                               road where they say that they had
                               the roadblocks. My kids were
                               playing on that veranda on the road,
                               so if there were any roadblocks or
                               any killings, that wouldn't have
                               been safe for me for my kids -- not
                               only my kids, we had a bunch of kids
                               in that hotel, and there was no --
                               it's not like it was a big area
                               where you would have a big place to
                               put the roadblock.

Question by Counsel for
the United States:             Right, if there were roadblocks
                               there, ma'am, you'd have to know,
                               right, ma'am?

Answer by KANTENGWA:           Yes.

The declaration of defendant, PRUDENCE KANTENGWA, which is
underscored above, as PRUDENCE KANTENGWA then and there well knew
and believed, was false in that, during the time KANTENGWA was at
the hotel of Pauline Nyiramasuhuko in Butare, Rwanda, between
approximately mid-April until the end of May 1994, there was a

35

roadblock that was manned by Interahamwe and other Hutus, where

identity cards of those who tried to pass were checked, many of

those identified as Tutsis were killed, and some of the Tutsi women

were kidnapped and then raped at other locations.


All in violation of Title 18, United States Code, Section
1621(1).

36

## COUNT FOURTEEN
### 18 U.S.C. § 1505
Obstruction of Proceedings Before Department and Agencies

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

From on or about March 8, 2004, through on or after December 2008, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a, PRUDENTIENNE KANTENGWA,

did corruptly endeavor to influence, obstruct, and impede the due and proper administration of the law under which a pending proceeding was being had before a department and agency of the United States, that is, in connection with a pending matter before an Immigration Judge in Immigration Court, in connection with removal proceedings and the application by the defendant for asylum, under the immigration laws and regulations of the United States, by knowingly and willfully giving false, evasive and misleading testimony, and withholding information, while testifying under oath in Immigration Court, and providing false information in written submissions and in response to questions during interviews, to immigration officials, including, but not limited to, as set forth in Counts Two through Thirteen, the factual contents of which are incorporated as though fully set forth herein.

All in violation of Title 18, United States Code, Section 1505.

37

COUNT FIFTEEN
18 U.S.C. § 1546(a)
Fraud and Misuse of Visas,
Permits and Other Documents

Paragraphs 1 through 10 set forth above, are hereby realleged and incorporated as if fully set forth herein.

On or about November 25, 2008, in the District of Massachusetts, the defendant,

PRUDENCE KANTENGWA, a/k/a, PRUDENTIENNE KANTENGWA

did knowingly possess a document prescribed by statute and regulation for entry into and as evidence of authorized stay in the United States, that is, a Non-Immigrant Visa, by which the defendant had entered the United States at Boston, Massachusetts, on or about January 29, 2004, knowing it to have been falsely made and procured by means of false claims and statements, and to have been otherwise obtained by fraud and unlawfully obtained; said visa was thus procured and obtained in that the defendant PRUDENCE KANTENGWA, a/k/a, PRUDENTIENNE KANTENGWA, did provide false information as to material facts in the Application to obtain said Non-Immigrant Visa Application and Rwandan Questionnaire (that was submitted as part of said Application), as follows:

In response to a question that asked "Were you or any immediate family members (spouse, parents, siblings, children) ever a member of the Armed Forces of Rwanda (FAR), the army or militia force, the Gendarmerie, Police Communal, Service de Renseignment, Presidential Guard, Interahamwe, PALIR, or ALIR. If so, please explain," the defendant responded by writing "No."

As the defendant then and there well knew, the statements set forth

38

above were false, in that in that the Defendant's husband was a member of the Service de Renseignment, in fact, he served as the Director.

    In response to a questions that asked "Were you or any of
    your immediate family members (spouse, parents, siblings,
    children) ever members of a political party, particularly
    CDR (coalition pour la Defense de la Republique) or MRND
    (Mouvement Revolutionaire pour le Developpement),
    organization (civil society), or association in Rwanda?
    If so, explain," the defendant responded by writing "No."

As the defendant then and there well knew, the statements set forth above were false, in that both the Defendant and her husband were members of the MRND.


    All in violation of Title 18, United States Code, Section 1546(a).

39

**A TRUE BILL**

Jolin V. Giovannucci
FOREPERSON OF THE GRAND JURY

JEFFREY AUERHAHN
ALOKE S. CHAKRAVARTY
ASSISTANT UNITED STATES ATTORNEY

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

DISTRICT OF MASSACHUSETTS
DATE AND TIME: _3: 13 P.M_
12/18/08

40