UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
                             )
          v.                 )     Cr. No. 08-10385-RGS
                             )
                             )
PRUDENCE KANTENGWA,          )
a/k/a PRUDENTIENNE KANTENGWA, )
     Defendant               )

## PROTECTIVE ORDER

The parties in this case have agreed upon the terms of this Protective Order relating to certain discovery, and therefore the Court orders as follows:

1.   The Government asserts that it has a reasonable and legitimate purpose in limiting the dissemination of discovery materials in this case in order to protect the safety of certain Government witnesses.  The Protective Oder is intended to limit the disclosure of identities of such witnesses by restricting the dissemination of information that identifies, or reasonably tends to identify, such witnesses as Government witnesses.  This Protective Order is also designed to allow the defense to engage in reasonable and effective investigative efforts and trial preparation in order to provide a meaningful defense to the Defendant.  This Protective Order is intended to cover statements of witnesses, reports of interviews, or other documentation or articles of physical evidence that identifies, or tends to identify, any witness in the case over whom the Government claims a legitimate interest in protecting the safety of the witness due

to the witness' participation as a potential Government witness
in this case.

2.   Defense counsel, their employees, and any independent
investigator or expert retained by the defense, will not
reproduce and will not disclose to any member of the public,
media, defense counsel in other cases, potential witnesses, the
Defendant, or family of the Defendant the contents or copies of
any of the discovery materials which discloses or tends to
disclose the identity of specific witnesses who appear to have
been present in Rwanda at the time of the 1994 Genocide, and who
the Government identifies as potential trial witnesses.  This
prohibition does not restrict the ability of the receiving party
to utilize, for example, the reports of interviews and the
substance of the information they contain, or to disclose such
information, as long as the identities of potential government
witnesses is not revealed or discernable through said use.

3.   In order to permit the Defendant to assist in the
preparation of her own defense and to confront her accusers,
defense counsel may disclose to the Defendant redacted copies of
witness statements, reports of interview, and other discovery
(which the Government will identify as covered by the
restrictions of this Protective Order).

4.   Within fourteen (14) business days of the date of the
issuance of this Protective Order, the Government agrees to

provide defense counsel with a set of redacted discovery materials referenced in paragraph 3 which does not disclose the identity of potential witnesses for the purpose of production to the Defendant, and to provide a set of unredacted discovery materials for use by defense counsel consistent with this Order.

5.   A party who receives information covered by this Order will not disclose to anyone that a specific individual is expected to be or may be a Government witness in this case.  This prohibition does not restrict the ability of the receiving party to question potential defense witnesses and others about individuals identified as government witnesses, as long as said individuals are not identified as potential government witnesses and said questioning is not done in a manner that reveals their identity as such or makes said fact (that they are potential government witnesses) otherwise discernable.

6.   Defense counsel agree not to provide access to any information which can tend to disclose the identity of witnesses to any of their employees, experts or investigators, who has not signed this Order (and returned a signed acknowledgment of this Order to the Government or filed it under seal with the Court). Counsel's investigators, experts and employees, who will have access to the discovery, must sign this Order.

7.   Twenty-one (21) days prior to the commencement of trial, defense counsel will be permitted to disclose the identity

of witnesses to the Defendant and to only those individuals
necessary to responsibly defend the case.  Such disclosures shall
not include members of the press or any other individual or
entity for which it is likely that the identity of these
witnesses will be widely disclosed.  In addition, defense counsel
will instruct any recipient of witness' identities that they are
not to further disclose such information, and defense counsel
shall keep a record of all those individuals to whom such
information was disclosed.  The receiving parties will further
require that anyone to whom they disseminate this information
must acknowledge, in writing, and abide by this Protective Order.
The receiving parties will take all reasonable steps, acting in
good faith, to minimize disclosure of witness identity
information and to minimize risk to the personal safety or well-
being of any witness in this case.  The obligations in this
paragraph apply until the identity of the individual as a witness
is publicly disclosed in court by the government.

    8.   Upon termination of these proceedings (which extends to
any appeal or collateral attack and any appeal therefrom
continuing until the denial of any petition for the *writ of
certiorari* by the U.S. Supreme Court, or the passage of time
within which such a petition must be filed) all witness
identifying materials (excepting information pertaining to
witnesses who testified in Court) shall be returned forthwith to

4

the United States or to the Court or be destroyed, and defense counsel shall verify in writing to government counsel that such materials have been destroyed absent further court order to the contrary.  It will be the burden of the U.S. Government to identify for defense counsel in writing the time of the termination of the criminal proceedings in the same criminal case.

9.    Any modification of this Order will only be done by order of the Court.

SO ORDERED,

/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE


I have read the above Order and acknowledge and understand my obligation to refrain as set forth above from disclosing the information in the discovery materials made available to me by the government in connection with this case.


_____          _____
Charles P. McGinty, Esq.                  Date
Counsel for Defendant


_____          _____
Syrie D. Fried, Esq.                      Date
Counsel for Defendant


_____          _____
Name                                      Date
Title or Position